# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE OF CHAD N. DENNIE, BAR NO. 8789.

No. 77460



FILED

DEC 06 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER IMPOSING TEMPORARY SUSPENSION AND RESTRICTING HANDLING OF CLIENT FUNDS

This is a petition by the state bar for an order temporarily suspending attorney Chad Dennie from the practice of law, pending the resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Dennie appears to have misappropriated client funds in excess of $600,000. Dennie has not responded to two inquiries from the State Bar regarding a grievance related to his handling of settlement funds entrusted to him on a client's behalf.

SCR 102(4)(b) provides, in pertinent part:

> On the petition of bar counsel, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(c) provides that we may place restrictions on an attorney's handling of funds.

We conclude that the documentation before us demonstrates that Dennie poses a substantial threat of serious harm to the public based on a recent pattern of misappropriation of client funds, and that his

18-907413

immediate temporary suspension is warranted under SCR 102(4)(b). We further conclude that Dennie's handling of funds should be restricted.

Accordingly, attorney Chad Dennie is temporarily suspended from the practice of law, pending the resolution of formal disciplinary proceedings against him.[1] Under SCR 102(4)(d), Dennie is precluded from accepting new cases immediately upon service of this order, but he may continue to represent existing clients for a period of 15 days from service of this order. In addition, pursuant to SCR 102(4)(b) and (c), we impose the following conditions on Dennie's handling of funds entrusted to him:

1. All proceeds from Dennie's practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Dennie except upon written approval of bar counsel; and

2. Dennie is prohibited from withdrawing any funds from any and all accounts in any way relating to his law practice, including but not limited to his general and trust accounts, except upon written approval of bar counsel.

The State Bar shall immediately serve Dennie with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Dennie's place of employment or residence, or by publication. When served on either Dennie or a depository in which he maintains an account, this order shall constitute an

---

[1]Dennie may request that this order of temporary suspension be dissolved or amended by filing a petition with this court as provided in SCR 102(4)(e).

 

injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(c). Dennie shall comply with the provisions of SCR 115.[2]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.       _____, J.
Cherry                              Gibbons

_____, J.       _____, J.
Pickering                           Hardesty

_____, J.       _____, J.
Parraguirre                         Stiglich

cc:   Bar Counsel, State Bar of Nevada
Dennis Law Offices
Executive Director, State Bar of Nevada
Admissions Office, United States Supreme Court

---

[2]As provided in SCR 121(5), this matter is now public. This is our final disposition of this matter. Any new proceedings shall be docketed under a new docket number.